In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00138-CR

                                                ______________________________

 

 

                         OSWALD HENDERSON JONES, JR.,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 22913

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Oswald
Henderson Jones, Jr., appeals from his conviction by a jury for the offense of
aggravated assault with a deadly weapon. 
Tex. Penal Code Ann. § 22.02(a)(2)
(Vernon Supp. 2009).  The offense was
enhanced,[1]
and he was sentenced to seventy-five years’ imprisonment and a $10,000.00
fine.  He was represented by appointed
counsel at trial and on appeal.  After
voir dire, and as trial was about to commence, Jones demanded to represent
himself at trial.  The court admonished
him, obtained a written waiver, and allowed him to represent himself with
appointed counsel on standby.  Jones
continued to represent himself, questioning witnesses and raising various
objections, until the State’s seventh witness had completed his testimony, at
which point Jones asked the trial court to allow his appointed counsel to take
over representation for the remainder of the case.  Counsel then completed the trial.

            Jones’s
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief to Jones on January 26, 2010, informing Jones of his
right to file a pro se response and of his right to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  Jones has neither filed a pro se
response, nor has he requested an extension of time in which to file such
response.

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and we agree that no arguable issues support
an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005).  

            In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.  See Anders, 386 U.S. 738.   We
affirm the judgment of the trial court.[2]

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          April
13, 2010

Date Decided:             April
14, 2010

 

Do Not Publish

 











[1]The
enhancement was a felony committed in 1991 for aggravated sexual assault on a
child. 





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of Jones in this case.  No substitute counsel will be appointed.  Should Jones wish to seek further review of
this case by the Texas Court of Criminal Appeals, Jones must either retain an
attorney to file a petition for discretionary review or Jones must file a pro
se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.